■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRED C. CARMAN, Respondent. [822 NYS2d 819]—

Cardona, P.J. Appeal from an order of the County Court of Broome County (Smith, J.), entered July 6, 2005, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

Upon his plea of guilty, defendant was convicted of sexual abuse in the first degree and sentenced to six months in jail and 10 years of probation. County Court thereafter classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). In so doing, the court rejected the People's claim that, based on defendant's statements in his presentence investigation report, he should receive an additional 10 risk assessment points for failing to accept responsibility for his conduct. The People appeal, contending that defendant should have been classified as a risk level III sex offender.

During his interview with the Probation Department following his plea of guilty, defendant denied that he had engaged in sexual contact with the victim and indicated that he pleaded guilty because of the likelihood that his juvenile record would result in a conviction in the instant case. Furthermore, defendant claimed that the victim had accused defendant in order to get attention from his family. Defendant also intimated that the victim had actually been abused by someone else. Accordingly, notwithstanding the admissions made by defendant during the plea proceeding, we agree with the People that the most recent statements by defendant are clear and convincing evidence of his failure to take personal responsibility for his abusive conduct (see People v Chilson, 286 AD2d 828 [2001], lv denied 97 NY2d 655 [2001]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [Nov. 1997] ["An offender who pleads guilty but tells his pre-sentence investigator that he did so only to escape a state prison sentence has not accepted responsibility"]; see also People v Mitchell, 300 AD2d 377, 378 [2002], lv denied 99 NY2d 510 [2003]; compare People v Whalen, 22 AD3d 900, 902 [2005]; People v Mallory, 293 AD2d 881, 881-882 [2002]).

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level III sex offender under the Sex Offender Registration Act.