■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM NICHOLS, Appellant. [862 NYS2d 60]—

Appeal by the defendant from an order of the County Court, Dutchess County (Dolan, J.), dated August 28, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The County Court's determination to designate the defendant a level three sex offender is supported by clear and convincing evidence. On appeal, the defendant challenges only 40 of the 140 points assessed against him. Contrary to the defendant's contention, the court properly assessed him 20 points under risk factor 4 for duration of offense conduct with a victim (*see* Correction Law § 168-n [3]; *People v Di John,* 48 AD3d 1302, 1303 [2008]; *People v Mingo,* 49 AD3d 148, 151-152 [2008]; *People v Hines,* 24 AD3d 524, 525 [2005]) and 10 points under risk factor 12 for failure to accept responsibility (*see People v Carman,* 33 AD3d 1145, 1146 [2006]; *People v Mitchell,* 300 AD2d 377, 378 [2002]). However, the defendant correctly contends that the court erred in assessing him 10 points under risk factor 15 for an inappropriate living situation based solely on the fact that he was living in a trailer park, as such evidence was insufficient as a matter of law to meet the burden of

establishing, by clear and convincing evidence, that the defendant's living situation was inappropriate (*see People v Ruddy*, 31 AD3d 517, 518 [2006]). Nonetheless, subtracting those 10 points from the total of 140 points assessed by the County Court against the defendant leaves the defendant with 130 points assessed against him, which still renders him a level three sex offender. Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.