THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER K. McLEAN, Appellant. [865 NYS2d 719]—

Cardona, P.J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered July 2, 2007, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.

Defendant waived indictment and pleaded guilty to a superior court information charging him with sexual abuse in the first degree. County Court thereafter sentenced defendant to a negotiated term of six months in jail with 10 years of probation. After rendering sentence on July 2, 2007, the court held a hear-

ing that same day to determine defendant's status pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Thereafter, the court classified defendant as a risk level two sex offender.

Convicted sex offenders facing risk level classifications have certain due process rights that have been incorporated into the statutory scheme (*see People v Brooks*, 308 AD2d 99, 103 [2003], *lv denied* 1 NY3d 502 [2003]). Correction Law § 168-n (3) provides, among other things, that they be given notice of the classification proceeding as well as the classification recommendation received from the Board of Examiners of Sex Offenders. Here, it is undisputed that defendant was not provided with all of the necessary information mandated by the statute (*see People v Brooksvasquez*, 24 AD3d 644, 644 [2005]). However, inasmuch as defendant failed to object to the procedure, he did not preserve these contentions for appellate review (*see People v Charache*, 9 NY3d 829, 830 [2007]).

Turning to the merits, defendant argues that County Court erred in assessing him 10 points on his risk assessment for his living situation. Upon review of the record, we agree. Notably, risk factor 15 of the risk assessment instrument permits a defendant to be assessed 10 points if the proposed living situation is inappropriate. However, it has been held that a living situation does not meet that standard merely because it is "uncertain" or the defendant may be homeless (*People v Ruddy*, 31 AD3d 517, 518 [2006], *lv denied* 7 NY3d 714 [2006]; *see People v Nichols*, 52 AD3d 799 [2008]). Here, the only proof in the record as to this issue is defendant's statement during his presentence evaluation that he was not sure where he would reside once he was released but would possibly live with his father. Inasmuch as this proof did not satisfy the burden of showing by clear and convincing evidence that defendant's living situation was inappropriate, those 10 points must be subtracted from the total of 80 points assessed by County Court. Since the resulting 70 points results in a classification as a risk level one sex offender, defendant's assessment must be revised accordingly (*see People v Ruddy*, 31 AD3d at 518).

Mercure, Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level one sex offender under the Sex Offender Registration Act.