Order, Supreme Court, New York County (Michael R. Ambrecht, J.), entered on or about March 10, 2006, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, to the extent of reducing the classification to that of a level one sex offender, and otherwise affirmed, without costs.
The evidence established that, at most, defendant’s future living situation was uncertain in that, although he was described as homeless at the time of his arrest, upon his release from incarceration under the supervision of the Department of Probation, he was advised to go to the Bellevue men’s shelter where he would be assisted by a community organization in trying to find employment. This was insufficient as a matter of law to meet the People’s burden of showing, by clear and convincing evidence, that defendant’s living situation was inappropriate (see Correction Law § 168-n [3]; People v Ruddy, 31 AD3d 517 [2006], lv denied 7 NY3d 714 [2006]), and defendant should not have been assessed 10 points under risk factor 15 (inappropriate living or employment situation).
Since the point assessment for risk factor 15 was the only assessment at issue, there was no need for the court to make findings as to any other matters. Concur—Lippman, PJ., Andrias, Saxe, Sweeny and DeGrasse, JJ.