◼ THE PEOPLE OF STATE OF NEW YORK, Respondent, v MIGUEL RODRIGUEZ, Appellant. [12 NYS3d 895]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated May 26, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.

In establishing an offender's appropriate risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C

[hereinafter SORA]), "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (*People v Pettigrew*, 14 NY3d 406, 408 [2010], quoting Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d 563, 571 [2009]). Here, as the defendant correctly contends, the People failed to meet their burden of proving that he had a history of drug or alcohol abuse, so as to support the assessment of 15 points under risk factor 11. Specifically, there was no evidence that the defendant abused alcohol or drugs at the time he committed the instant offense. Further, the indication in the record that the defendant drank alcohol "socially" at some point in the past was insufficient to demonstrate a history of alcohol abuse (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *People v Palmer*, 20 NY3d 373, 377 [2013]). The evidence at the hearing was insufficient to demonstrate a history of drug abuse (*see People v Marsh*, 116 AD3d 680 [2014]; *People v Titmas*, 46 AD3d 1308, 1309 [2007]; *see generally People v Palmer*, 20 NY3d 373 [2013]).

The People also failed to meet their burden of proving, by clear and convincing evidence, that the defendant was released to supervision that was not "specialize[d]," so as to warrant the assessment of five points under risk factor 14 (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]). The People failed to submit any evidence at the SORA hearing to establish that the supervision to which the defendant was subject would not be considered "specialized" (*id.*).

Finally, the defendant correctly contends that the People failed to meet their burden of proving that his "living situation" was "inappropriate," so as to warrant the assessment of 10 points under risk factor 15. Although the defendant had been homeless for some time prior to his arrest and upon his release from prison, the defendant had resided in a homeless shelter, for which he provided an address. The defendant also had an employment history, planned to apply for public assistance upon his release from prison, and provided certain contacts to the Department of Probation. Under those circumstances, even if the defendant's living situation was uncertain at the time of the SORA hearing, the People failed to produce clear and convincing evidence that the defendant is undomiciled and lacks any history of living in shelters or community ties (*see People v Alemany*, 13 NY3d 424, 426 [2009]; *People v Ruddy*, 31 AD3d 517, 518 [2006]). Thus, the assessment of 10 points for an inappropriate living situation was improper (*see*

*People v Ruddy*, 31 AD3d at 518; *see also People v Alemany*, 13 NY3d at 431-432).

Accordingly, the defendant's point total on the Risk Assessment Instrument should have been 60, rendering him a presumptive level one sex offender. Therefore, we reverse and designate the defendant a level one sex offender. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.