■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MORRIS, Appellant. [35 NYS3d 115]—

Appeal by the defendant from an order of the County Court, Nassau County (Delligatti, J.), dated February 15, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; *People v Pettigrew*, 14 NY3d 406, 408 [2010]; *People v Mingo*, 12 NY3d 563, 571 [2009]; *People v Davis*, 130 AD3d 598, 599 [2015]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board

of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d at 571-573).

Here, the People correctly concede that they did not prove by clear and convincing evidence that the defendant had an inappropriate living or employment situation so as to warrant an assessment of 10 points under risk factor 15 (*see People v Alemany*, 13 NY3d 424, 430-431 [2009]; *People v Rodriguez*, 130 AD3d 897, 898-899 [2015]; *People v Ruddy*, 31 AD3d 517, 518 [2006]). Accordingly, the County Court should not have assessed 10 points for that factor.

Notwithstanding this error, the People established, by clear and convincing evidence, that the defendant was properly assessed 95 points on the risk assessment instrument, rendering him a presumptive level two sex offender. Contrary to the defendant's contention, he was appropriately assessed 30 points under risk factor 5 because the victim was 10 years old or less at the time of the offense (*see People v Davis*, 130 AD3d 598, 599 [2015]), and 20 points under risk factor 7 because he was a stranger to the child victim (*see People v Serrano*, 61 AD3d 946, 947 [2009]; *People v Mabee*, 69 AD3d 820, 820 [2010]).

The defendant's remaining contentions are without merit.

Accordingly, the County Court properly designated the defendant a level two sex offender. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.