Appeal by the defendant from an order of the Supreme Court, Kings County (Walsh, J.), dated January 13, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
The People bear of the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under New York’s Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Harris, 100 AD3d 727, 727 [2012], lv denied 20 NY3d 861 [2013]; People v Thompson, 95 AD3d 977, 977 [2012]). Here, the hearing court properly designated the defendant a level two sex offender. First, contrary to the defendant’s contention, the evidence established that he had a history of alcohol abuse (see People v Palmer, 20 NY3d 373, 377-378 [2013]), so the hearing court appropriately assessed him 15 points under risk factor 11 (“Drug or Alcohol Abuse”). Including the 15 points, the total assessment of 80 points presumptively classified the defendant as a level two sex offender. Moreover, the hearing court did not err in refusing to downwardly depart from that presumptive risk level, because, among other things, the defendant failed to show that his expected deportation was, “as a matter of law, an appropriate mitigating factor” (People v Wyatt, 89 AD3d 112, 128 [2011]). Rivera, J.E, Balkin, Dickerson and Cohen, JJ., concur.