THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLORENCIO PAVIA, Appellant. [993 NYS2d 782]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Meyer J.), dated August 15, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In determining a defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), "[a] downward departure from a sex offender's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Watson*, 95 AD3d 978, 979 [2012]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). A defendant seeking a downward departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]).

Here, contrary to the defendant's contention, he failed to show that his expected deportation was, "as a matter of law, an appropriate mitigating factor" (*id.*; *see People v Romero*, 113 AD3d 605 [2014]; *People v Kachatov*, 106 AD3d 973, 973 [2013]). Accordingly, the defendant was not entitled to a downward departure from the presumptive risk level. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.