■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARRETT, Appellant. [996 NYS2d 547]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Balter, J.), dated March 28, 2013, which, after a hearing, designated him a level three sexually violent offender and predicate sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) must "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see *People v Johnson*, 118 AD3d 684 [2014]; *People v Brown*, 116 AD3d 1017 [2014]).

"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence' " (*People v Wortham*, 119 AD3d 666, 666 [2014], quoting *People v Wyatt*, 89 AD3d 112, 128 [2011]; see *People v Gillotti*, 23 NY3d 841, 861 [2014]).

Here, contrary to the defendant's contention, he failed to establish that his expected deportation was, "as a matter of law, an appropriate mitigating factor" (*People v Wyatt*, 89 AD3d at 128; *see People v Pavia*, 121 AD3d 960 [2014]; *People v Romero*, 113 AD3d 605 [2014]; *People v Kachatov*, 106 AD3d 973, 973 [2013]). Accordingly, the defendant was not entitled to a downward departure from his presumptive risk level. Mastro, J.P., Roman, Miller and Maltese, JJ., concur.