■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERY ACEVEDO, Appellant. [998 NYS2d 621]—Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about June 16, 2011, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly assessed 20 points under the risk factor for the victim's physical helplessness because contrary to defendant's contention, the victim unambiguously testified before the grand jury that she was asleep at the time of defendant's initial touching and she only woke up after he started fondling her breast (*see People v Sene*, 66 AD3d 427, 428 [1st Dept 2009], *lv denied* 13 NY3d 941 [2010]; *see also People v Teicher*, 52 NY2d 638, 646, 649 [1981]).

The court properly assessed 15 points under the risk factor

for drug abuse, based on defendant's extensive involvement with marijuana. Even without those points, defendant would remain a level two offender, given the court's uncontested assessment of 20 additional points not assessed under the risk assessment instrument.

The court properly exercised its discretion when it declined to grant a downward departure (*see People v Gillotti*, 23 NY3d 841 [2014]). Although defendant requested a departure, he did so on different grounds from those asserted on appeal. Accordingly, his present argument is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Gische, JJ.