THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CIUDADREAL, Appellant. [1 NYS3d 858]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated November 14, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In the determination of a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), "[a] downward departure from a sex offender's presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines" (*People v Watson*, 95 AD3d 978, 979 [2012]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). A defendant seeking a downward

departure has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]).

Contrary to the defendant's contention, under the circumstances of this case, neither the fact that he is more than 50 years of age nor his recent deportation to El Salvador was, "as a matter of law, an appropriate mitigating factor" (*id.* at 128; *see People v Kachatov*, 106 AD3d 973, 973 [2013]; *People v Harris*, 93 AD3d 704 [2012]). Accordingly, the defendant was not entitled to a downward departure from the presumptive risk level. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.