■ The People of State of New York, Respondent, v Justin Scott, Appellant. [23 NYS3d 910]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated May 24, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In determining a defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), a downward departure from a sex offender's

presumptive risk level generally is only warranted where there exists a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines (*see People v Pavia*, 121 AD3d 960 [2014]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Wyatt*, 89 AD3d 112, 128 [2011]).

When the defendant was 18 years old, he had sex with the then 12-year-old victim, who falsely told the defendant that she was 16 years old. The defendant was later assessed 130 points on the risk assessment instrument prepared by the Board of Examiners of Sex Offenders, making him a presumptive level three sex offender.

Initially, the defendant's contention that he was improperly assessed points under risk factors 9 and 10 based upon his prior youthful offender adjudication, in violation of CPL 720.35 (2), is without merit (*see People v Francis*, 137 AD3d 91 [2d Dept 2016]).

At the SORA hearing, the defendant sought a downward departure from the presumptive risk level based upon, among other things, the fact that the victim's lack of consent was due only to her inability to consent by virtue of her age (*see* SORA Guidelines at 9) and his progress in sex offender treatment (*see id.* at 17). Following the hearing, the Supreme Court granted the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender. Contrary to the defendant's contention, the mitigating factors upon which he relies did not entitle him to a downward departure to risk level one.

Accordingly, the defendant was properly designated a level two sex offender. Rivera, J.P., Balkin, Leventhal and Dickerson, JJ., concur.