■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. [39 NYS3d 821]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated September 22, 2010, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

When deciding whether a sex offender is entitled to a downward departure from his or her presumptive risk level, the court must determine, "[a]t the first step, . . . whether the . . . mitigating circumstances alleged by [the sex offender] are, as a matter of law, of a kind or to a degree not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] guidelines. At the second step, the court must decide whether the [sex offender] has adduced sufficient evidence to meet [his or her] burden of proof in establishing that the alleged . . . mitigating circumstances actually exist in the case at hand. . . . [A]t the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an [overassessment] of the [sex offender's] dangerousness and risk of sexual recidi-

vism" (*People v Gillotti*, 23 NY3d 841, 861 [2014] [citations omitted]; *see People v Rossano*, 140 AD3d 1042 [2016]).

Applying these principles here, we conclude that the Supreme Court providently exercised its discretion in deciding that no downward departure was warranted. Under the circumstances of this case, the defendant failed to demonstrate his entitlement to a downward departure based on his age at the time of the SORA adjudication (*see e.g. People v Graziano*, 140 AD3d 1541 [2016]; *People v Santiago*, 137 AD3d 762, 764 [2016]; *People v Ciudadreal*, 125 AD3d 950 [2015]; *People v Torres*, 124 AD3d 744, 745 [2015]; *People v McFarland*, 120 AD3d 1121, 1122 [2014]; *People v Beyah*, 76 AD3d 917, 917 [2010]; *People v Harrison*, 74 AD3d 688, 688 [2010]). There was no proof submitted by the defendant tending to show that his age at the time of the SORA adjudication would, in and of itself, reduce the likelihood of reoffense.

We also conclude that no downward departure is warranted based on the defendant's prison disciplinary record (*see People v Perez*, 138 AD3d 1081 [2016]; *People v Torres*, 124 AD3d at 745), the defendant's deportation subsequent to the SORA adjudication (*see People v Ciudadreal*, 125 AD3d 950 [2015]; *see also People v Leshchenko*, 127 AD3d 833 [2015]; *People v Barrett*, 123 AD3d 783, 784 [2014]; *People v Pavia*, 121 AD3d 960 [2014]; *People v Romero*, 113 AD3d 605 [2014]), or any of the other factors upon which the defendant presently relies.

Accordingly, the Supreme Court properly designated the defendant a level three sex offender. Dickerson, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.