■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL ALEXANDER, Appellant. [41 NYS3d 746]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Cyrulnik, J.), dated February 24, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the People's application, upon the recommendation of the Board of Examiners of Sex Offenders (hereinafter the Board), for an upward departure from the presumptive risk level one designation to risk level three. The People demonstrated, by clear and convincing evidence, that there were aggravating factors not adequately taken into account by the Board's Risk Assessment Instrument (hereinafter RAI) (see People v Gillotti, 23 NY3d 841, 861 [2014]). Specifically, shortly after he pleaded guilty to the crime of rape in the first degree in satisfaction of the indictment upon which the RAI was based, the defendant pleaded guilty to murder in the second degree in satisfaction of three other indictments that had been consolidated. In two of the incidents underlying those indictments, the defendant, acting alone or with an accomplice, forced his way into the victim's apartment and committed forcible sexual acts. In the third incident, the defendant forced his way into a victim's apartment, attempted to rape her, and caused her death by asphyxiation. Because those acts were not accounted for in the RAI, the court providently exercised its discretion in determining that an upward departure to a risk level three was warranted (see People v Palmer, 68 AD3d 1364, 1366 [2009]).

The defendant's contention that the Supreme Court failed to sufficiently consider certain mitigating factors in arriving at its determination is unavailing. The defendant's satisfactory conduct during his lengthy incarceration and the fact that he completed sex offender treatment were taken into account under risk factors 12 and 13 (see People v DeDona, 102 AD3d 58, 71 [2012]; People v Riverso, 96 AD3d 1533, 1534 [2012]; People v King, 72 AD3d 1363, 1364 [2010]). The defendant otherwise failed to set forth any mitigating factors that would overcome the risk embodied by his conduct prior to his incarceration.

Accordingly, the Supreme Court properly designated the de-

fendant a level three sex offender. Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.