— Appeal by the defendant from an order of the Supreme Court, Queens County (Melendez, J.), dated March 18, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 Contrary to the defendant’s contention, the Supreme Court did not improvidently exercise its discretion in denying his application for a downward departure from the presumptive risk assessment level under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]). In determining a defendant’s risk level, a downward departure from the presumptive risk level generally is warranted only if there exists a mitigating circumstance “as a matter of law, of a kind or to a degree not adequately taken into account by the [SORA] guidelines” (People v Gillotti, 23 NY3d 841, 861 [2014]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; People v Watson, 95 AD3d 978, 979 [2012]).
 

 The defendant’s satisfactory conduct during his incarceration and his completion of sex offender treatment were facts adequately taken into account under the SORA guidelines, as the defendant was assessed zero points both for risk factors 12 (acceptance of responsibility) and 13 (conduct while confined/ supervised) under the risk assessment instrument (see People v Alexander, 144 AD3d 1008 [2016]; People v DeDona, 102 AD3d 58, 71 [2012]; People v Riverso, 96 AD3d 1533, 1534 [2012]; People v Walker, 47 AD3d 692, 694 [2008]). The defendant has otherwise failed to set forth any mitigating factors warranting a downward departure. Contrary to his contention, he failed to establish that his deportation was, “as a matter of law, an appropriate mitigating factor” (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v Jara, 150 AD3d 1159 [2017]; People v Garcia, 144 AD3d 650, 651 [2016]; People v Rubi, 132 AD3d 650 [2015]; People v Leshchenko, 127 AD3d 833 [2015]).
 

 Leventhal, J.P., Barros, Brathwaite Nelson and Christopher, JJ., concur.