■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RIVERA, Appellant. [65 NYS3d 449]—

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about January 6, 2016, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The Court properly assessed 20 points under the risk factor for the victim's helplessness because she was asleep at the time of defendant's initial assault began, and she woke up while defendant was on top of her (*see People v Acevedo*, 124 AD3d 500, 500 [1st Dept 2015]). We also find that there was no overassessment of points for this factor.

The court also correctly assessed 10 points for unsatisfactory conduct while confined, based on defendant's recent Tier III disciplinary infraction. The requirement of clear and convincing evidence was satisfied by the undisputed existence of the infraction (*see* Correction Law § 168-n [3]; *People v Paredes*, 144 AD3d 609, 609 [1st Dept 2016]). Defendant's constitutional challenge to this assessment is unpreserved, and is unavailing in any event. We have considered and rejected defendant's remaining arguments regarding this assessment.

The court providently exercised its discretion when it declined to grant defendant's request for a downward departure to level two (*see People v Gillotti*, 23 NY3d 841 [2014]). There were no mitigating factors that were not adequately taken into account by the risk assessment instrument, or that outweighed the seriousness of the underlying offense.

The court correctly designated defendant a sexually violent offender because he was convicted of an enumerated offense, and the court lacked discretion to do otherwise (*see People v Bullock*, 125 AD3d 1 [1st Dept 2014], *lv denied* 24 NY3d 915 [2015]). Concur—Gische, J.P., Webber, Oing, Singh and Moulton, JJ.