Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated September 15, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 In establishing an offender’s appropriate risk level under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the People “bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence” (Correction Law § 168-n [3]). Contrary to the defendant’s contention, the Supreme Court properly assessed 20 points against him under risk factor 6, as the People established, by clear and convincing evidence, that two of the five subject victims were asleep at the time of the defendant’s initial touching and, therefore, physically helpless (see Sex Offender Registration Act: Assessment Guidelines and Commentary at 11 [2006] [hereinafter Guidelines]; Penal Law § 130.00 [7]; People v Smith, 144 AD3d 652, 653 [2016]; People v Acevedo, 124 AD3d 500 [2015]; People v Richardson, 101 AD3d 837, 838 [2012]; People v Duff, 96 AD3d 1031 [2012]; People v Howell, 82 AD3d 857 [2011]).
 

 The defendant’s contention that the Supreme Court improperly assessed 30 points under risk factor 3 for the number of victims being three or more is unpreserved for appellate review, since he did not object to the assessment of these points at the SORA hearing (see People v Benitez, 140 AD3d 1140, 1141 [2016]; People v Williams, 55 AD3d 708, 709 [2008]; People v Await, 17 AD3d 336, 336 [2005]). In any event, the additional points were properly assessed, as the People established by clear and convincing evidence that the defendant victimized more than three children in the underlying case that ultimately resulted in his conviction of rape in the first degree (see Guidelines at 10; People v Urrego, 145 AD3d 923, 924 [2016]; People v Madera, 100 AD3d 1111, 1112 [2012]; People v Kruger, 88 AD3d 1169, 1170 [2011]).
 

 The Supreme Court providently exercised its discretion in denying the defendant’s application for a downward departure from the presumptive risk assessment level. In determining a defendant’s risk level, a downward departure from the presumptive risk level generally is warranted only if there exists a mitigating circumstance “as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines” (People v Gillotti, 23 NY3d 841, 861 [2014]; see Guidelines at 4; People v Watson, 95 AD3d 978, 979 [2012]).
 

 The fact that the defendant was related to the victims was adequately taken into account by the Guidelines, as the defendant was assessed 0 points for risk factor 7 (relationship between offender and victim) under the risk assessment instrument (see People v Alexander, 144 AD3d 1008 [2016]; People v DeDona, 102 AD3d 58, 71 [2012]; People v Riverso, 96 AD3d 1533, 1534 [2012]; People v Walker, 47 AD3d 692, 694 [2008]). The defendant has otherwise failed to set forth any mitigating factors warranting a downward departure. Contrary to his contention, he failed to establish that his deportation was, “as a matter of law, an appropriate mitigating factor” (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v Jara, 150 AD3d 1159 [2017]; People v Garcia, 144 AD3d 650, 651 [2016]; People v Rubi, 132 AD3d 650 [2015]; People v Leshchenko, 127 AD3d 833 [2015]; People v Ciudadreal, 125 AD3d 950, 951 [2015]; People v Pavia, 121 AD3d 960 [2014]; People v Romero, 113 AD3d 605 [2014]; People v Kachatov, 106 AD3d 973 [2013]).
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.