People v Long (2018 NY Slip Op 03160)





People v Long


2018 NY Slip Op 03160


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-03447

[*1]People of State of New York, respondent,
v
Rayshawn Long, appellant.


Seymour W. James, Jr., New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Adolfsen, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Lawrence J. Brennan, J.), dated April 5, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
Here, the defendant failed to identify an appropriate mitigating factor warranting a downward departure (see People v Crosby, 157 AD3d 915; People v Santiago, 154 AD3d 979; People v Cosby, 154 AD3d 789, 790; People v Benoit, 145 AD3d 687, 688; People v Alexander, 144 AD3d 1008; People v Wyatt, 89 AD3d at 128). Accordingly, the Supreme Court properly denied his request for a downward departure from his presumptive designation as a level three sex offender, which was based upon an automatic override addressing a prior felony conviction of a sex crime (see People v Cummings, 134 AD3d 686, 686-687).
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court