People v Daley (2018 NY Slip Op 05952)





People v Daley


2018 NY Slip Op 05952


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2014-08294

[*1]People of State of New York, respondent,
v
Bjorn Daley, appellant.


The Legal Aid Society, New York, NY (Steven J. Miraglia of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Martin P. Murphy), dated August 27, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in denying his application for a downward departure from the presumptive risk assessment level under the Sex Offender Registration Act (see Correction Law article 6-C; hereinafter SORA). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant's satisfactory conduct during his incarceration, including his completion of certain rehabilitative programs and sex offender treatment, were facts adequately taken into account under the SORA Guidelines, as the defendant was assessed zero points both for risk factors 12 (acceptance of responsibility) and 13 (conduct while confined/supervised) under the risk assessment instrument (see People v Morrison, 156 AD3d 831, 832; People v Santiago, 154 AD3d 979; People v Alexander, 144 AD3d 1008; People v DeDona, 102 AD3d 58, 71; People v Walker, 47 AD3d 692, 694). The defendant has otherwise failed to set forth any mitigating factors warranting a downward departure.
Accordingly, the defendant was properly designated a level two sex offender.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court