People v Marquez (2018 NY Slip Op 06949)





People v Marquez


2018 NY Slip Op 06949


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-04565

[*1]People of State of New York, respondent,
v
Yancy Marquez, appellant.


The Legal Aid Society, New York, NY (Tomoeh Murakami Tse of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), dated May 28, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level three sex offender based on its assessment of 115 points on the risk assessment instrument, which placed the defendant within the range for a presumptive level three designation, and its denial of the defendant's request for a downward departure from the presumptive risk level. On appeal, the defendant challenges the assessment of points under risk factors 12 and 13, and the denial of his request for a downward departure.
The defendant's contention that the Supreme Court improperly assessed 15 points under risk factor 12 for the defendant not accepting responsibility and the expulsion of the defendant from a sex offender program is unpreserved for appellate review since he did not oppose the People's request for the scoring of these points at the SORA hearing (see People v Gillotti, 23 NY3d 841, 854; People v Morrison, 156 AD3d 831; People v Benitez, 140 AD3d 1140, 1141; People v Awalt, 17 AD3d 336), and, in any event, without merit.
The assessment of 10 points under risk factor 13 for unsatisfactory conduct while confined was supported by clear and convincing evidence (see Correction Law § 168-n[3]). The defendant's unsatisfactory conduct during his incarceration was established by the case summary, which revealed his recent commission of a Tier III disciplinary violation (see People v Williams, 100 AD3d 610, 611; People v Mabee, 69 AD3d 820, 821).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] Guidelines; and (2) establishing the facts in support of its existence by a [*2]preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating circumstances identified by the defendant either did not constitute an appropriate mitigating factor (see People v Curry, 158 AD3d 52, 60), or, under the totality of the circumstances, did not warrant a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive designation as a level three sex offender.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court