People v Soriano (2018 NY Slip Op 08340)





People v Soriano


2018 NY Slip Op 08340


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2013-06708

[*1]People of State of New York, respondent,
v
Arturo Soriano, appellant.


The Legal Aid Society, New York, NY (Amy Donner of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (John B. Latella, J.), dated June 24, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from an order, made after a hearing, designating him a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA). The defendant contends that the Supreme Court should have granted his application for a downward departure from his presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gilotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish that his expected deportation was "as a matter of law, an appropriate mitigating factor" (People v Wyatt, 89 AD3d at 128; see People v Barrett, 123 AD3d 783, 784; People v Pavia, 121 AD3d 960). Further, the defendant's contentions that certain other factors warrant a downward departure from his presumptive risk level are unpreserved for appellate review because he did not raise these factors at the SORA hearing (see People v Joseph, 163 AD3d 594, 594; People v Figueroa, 138 AD3d 708, 709), and in any event, are without merit.
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender pursuant to Correction Law article 6-C.
BALKIN, J.P., SGROI, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court