People v Badillo (2023 NY Slip Op 05201)

People v Badillo

2023 NY Slip Op 05201

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Ind. No. 79/13 Appeal No. 790 Case No. 2015-1696 

[*1]The People of the State of New York, Respondent,
v
Jesse Badillo, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Charles F. Hickerson IV of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about October 8, 2014, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Clear and convincing evidence supported the court's assessment of 20 points under the risk factor relating to the victim's physical helplessness when defendant sexually assaulted her (Correction Law § 168-n[3]). The victim testified before the grand jury that she was asleep when she "felt something," at which time she woke up to find her leggings removed and defendant on top of her, rubbing his penis against her genitals. The record therefore supports the court's finding that defendant sexually assaulted the victim while she was physically helpless, because it is reasonable to infer from the grand jury testimony that the victim was asleep when the assault began (see People v Rivera, 156 AD3d 529, 529 [1st Dept 2017]); People v Acevedo, 124 AD3d 500, 500 [1st Dept 2015].
The circumstances of the case justified separate assessments under the factor based on the age of the victim, who was nine years old at the time of the assault, and the factor based on the victim's physical helplessness (see People v Davis, 51 AD3d 442, 442 [1st Dept 2008], lv denied 11 NY3d 703 [2008]). Although the court briefly alluded to the victim's young age when addressing the 20-point assessment, the point assessment did not constitute improper double counting of risk factors, because the victim's physical helplessness had nothing to do with her age and the grand jury testimony amply supported the court's decision to make a 20-point assessment (id.). Furthermore, that the charges against defendant had been predicated on the victim's age, rather than on her physical helplessness at the time of the offense, does not undermine the court's decision to assess points for physical helplessness, because the court is not bound by any exercise of prosecutorial discretion in determining an offender's risk level (see People v Epstein, 89 AD3d 570, 571 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023