People v Tovar (2024 NY Slip Op 51298(U))

[*1]

People v Tovar (Virgilio)

2024 NY Slip Op 51298(U)

Decided on September 19, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570184/19

The People of the State of New York, Respondent,
against
Virgilio Tovar, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Ilana J. Marcus, J.), entered February 22, 2019, which, after a hearing, adjudicated him a level two sex offender under the Sex Offender Registration Act (Correction Law art. 6-C).

Per Curiam.
Order (Ilana J. Marcus, J.), entered February 22, 2019, affirmed.
Defendant was properly adjudicated a level two sex offender. The court's assessment of 20 points under the risk factor relating to the victim's physical helplessness was supported by clear and convincing evidence. The victim's supporting deposition stating that she was asleep and woke up when she felt defendant's hand in between her legs touching her left inner thigh supports the court's finding that defendant forcibly touched the victim while she was physically helpless (see People v Badillo, 220 AD3d 494 [2023], lv denied 41 NY3d 904 [2024]; People v Rivera, 156 AD3d 529 [2017]; People v Acevedo, 124 AD3d 500 [2015]). 
The court providently exercised its discretion when it denied defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant failed to offer sufficient proof to demonstrate that his age or physical condition impacted his ability to reoffend, particularly given that he committed the underlying crime at the age of 58 (see People v Rodriguez, 145 AD3d 489, 490 [2016], lv denied 28 NY3d 916 [2017]; People v Lopez, 146 AD3d 477 [2017], lv denied 29 NY3d 904 [2017]). Given defendant's overall criminal record, including a prior conviction for sexual assault and another forcible touching conviction, defendant demonstrated a significant risk of recidivism that was not outweighed by the mitigating factors he cites, including his progress in sex offender treatment (see People v Alcantara, 154 AD3d 532 [2017], lv denied 30 NY3d 908 [2018]). In any event, the mitigating factors identified by defendant were already taken into account by the risk assessment instrument and, as such, provide no basis for a downward departure (see People v Diaz, 143 AD3d 552, 553 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 19, 2024