(April 24, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MORROW, Appellant. [758 NYS2d 215] —Lahtinen, J. Ap-

peal from a judgment of the County Court of Albany County (Breslin, J.), rendered January 15, 2002, upon a verdict convicting defendant of the crimes of assault in the first degree and aggravated sexual abuse in the first degree.

Defendant was indicted for assault in the first degree and aggravated sexual abuse in the first degree based upon his alleged conduct, on April 25, 2001, in which he shoved a bottle into the rectum of the acutely intoxicated victim causing her to sustain a one-inch tear in the tissue that separates the rectum and vagina. He was convicted by a jury of both charges and sentenced as a predicate felon to two concurrent prison sentences of 25 years with five years' postrelease supervision. Defendant appeals.

Defendant contends that his conviction was not supported by legally sufficient evidence and the verdict was against the weight of the evidence. We disagree. Evidence at trial revealed that the victim and defendant had been involved in a relationship and, on April 25, 2001, the victim invited defendant to the residence she shared with Beth Allison. The victim had been consuming alcohol all day and defendant had also been imbibing before his arrival at the residence. Throughout the evening, defendant made numerous sexual advances directed at both Allison and the victim. Continued consumption of alcohol during the evening resulted in the victim passing out on the dining room floor. Allison observed defendant drag the victim to her bedroom. Allison returned to her bedroom and later heard defendant's voice in the victim's bedroom stating, "Spread your legs. Spread your legs right now. I'm going to put this in your butt. I know you like it in your butt." Shortly thereafter, defendant entered Allison's room and reported that the victim was bleeding. Allison, who had a background in nursing, examined the victim, noted bleeding, and an ambulance was summoned.

A police officer and paramedic who arrived at the scene observed that the victim appeared highly intoxicated. The paramedic noticed a bottle on the floor at the edge of the victim's bed that was covered with fresh blood and feces. The police officer recalled that defendant, before being questioned, denied involvement, became combative and uncooperative and, when defendant saw Allison, he stated, "You better back me up on this." The victim was transported to the hospital where her treating physician, after observing bleeding from both the vagina and rectum, conducted an examination and determined that the muscular tissue that separates the vagina and rectum had sustained a one-inch tear. Emergency surgery was performed to repair the tear.

With regard to the assault in the first degree conviction, defendant argues that the proof failed to establish that he was aware of and consciously disregarded a grave risk of death. Proof at trial established that defendant took a glass bottle with rough edges and shoved it forcefully into the victim's rectum. The victim's physician testified that the tissue in which the one-inch tear occurred is "dense and strong," "does not normally come apart or tear easily" and the injury required "a lot of force." He further opined that there was a strong likelihood that the injury would have resulted in the victim's death in the absence of medical treatment. Viewing such evidence, together with the other evidence regarding the incident, in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]; *People v Rivera*, 301 AD2d 787 [2003]), we conclude that the evidence was legally sufficient to support the jury's verdict. Moreover, upon our independent review of the evidence in a neutral light, and considering the testimony and the reasonable inferences from the evidence, we find that the conviction for first degree assault was supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]; *People v Cobenais*, 301 AD2d 958 [2003]).

Defendant further contends that the evidence failed to establish that the victim was incapable of consent by reason of physical helplessness and, thus, that the conviction of aggravated sexual abuse in the first degree was not supported by legally sufficient evidence and was also contrary to the weight of the evidence. Physical helplessness can include a victim who is unable to communicate an unwillingness to act because of sleep induced by alcohol (*see People v Sensourichanh*, 290 AD2d 886 [2002]; *People v Himmel*, 252 AD2d 273, 275-276 [1999], *lv denied* 93 NY2d 899 [1999]; *see also* Penal Law § 130.00 [7]). Here, there was evidence that, shortly before the incident, the victim had passed out on the dining room floor, Allison was only able to get a minimal verbal response from her, and she was dragged to her bedroom. A police officer responding to the scene could not get answers to his questions from the victim and characterized her as "bombed out of her mind." A paramedic testified that she was unable to effectively communicate regarding her condition or what had occurred to her. A blood alcohol test taken at the hospital, some four hours after the call for an ambulance had occurred, revealed a blood alcohol content of .29%. Such evidence is clearly legally sufficient and, also, when viewed neutrally and weighed together with other evidence in the record, leads to the conclusion that the weight of the evidence supports the conviction of aggravated sexual abuse in the first degree.

We also find unpersuasive defendant's argument that he did not receive the effective assistance of counsel. Defendant's counsel made pertinent pretrial motions, injected numerous effective objections, conducted extensive cross-examinations of the People's witnesses and challenged the offers of proof made by the People. Review of the totality of the circumstances of the case reveals that defendant received meaningful representation (*see People v Wright*, 297 AD2d 875 [2002]). Moreover, imposition of the maximum sentence was not harsh or excessive in light of the nature of the crimes and defendant's criminal record. The remaining issues raised by defendant have been considered and found meritless.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.