■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FONTEBOA, Appellant. [49 NYS3d 911]—

Appeals by the defendant from (1) an order of the Supreme Court, Nassau County (Corrigan, J.), dated March 27, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C, and (2) an order of the same court, also dated March 27, 2015, which, inter alia, also designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the orders are affirmed, without costs or disbursements.

The defendant pleaded guilty to the crime of sexual abuse in the first degree (Penal Law § 130.65 [3]) with respect to one victim, and the crime of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a]) with respect to a second victim. An element of each of these crimes is that the victim is less than 11 years old (*see e.g. Matter of State of New York v Michael M.*, 24 NY3d 649, 652 [2014]; *People v Lopez*, 121 AD3d 412 [2014]). At the hearing held pursuant to Correction Law article 6-C, the defendant argued that, in order for the People to meet the clear and convincing standard of proof with respect to risk factor 5, regarding the age of the victims, the People were required to produce copies of the victims' birth certificates. The Supreme Court properly rejected

that argument. The victims' ages were facts elicited at the time of entry of the plea of guilty (*see* Correction Law § 168-n [3]). As such, those facts were deemed established by clear and convincing evidence, and could not be relitigated (*see id.*; *People v Andrews*, 136 AD3d 880 [2016]; *see also People v Martinez*, 125 AD3d 735, 736 [2015]). The defendant's remaining contentions with respect to risk factor 5 are unpreserved for appellate review (*see People v Palacios*, 137 AD3d 761, 762 [2016]) and, in any event, without merit.

Certain statements made by the defendant and recounted in the presentence report indicate that he minimized his culpability with respect to one victim and "adamantly denie[d]" his culpability with respect to the other victim. Under these circumstances, the Supreme Court properly assessed 10 points under risk factor 12 for failure to take responsibility (*see People v Benitez*, 140 AD3d 1140, 1140-1141 [2016]; *People v Dallas*, 122 AD3d 698, 699 [2014]; *People v Perry*, 85 AD3d 890 [2011]).

In light of our determination, the defendant's argument with respect to risk factor 1 has been rendered academic, since the elimination of these points would not affect the defendant's risk level (*see People v Corn*, 128 AD3d 436, 437 [2015]; *People v Boykin*, 102 AD3d 937, 937-938 [2013]; *People v Teagle*, 64 AD3d 549, 550 [2009]; *cf. People v Noriega*, 26 AD3d 767 [2006]). Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.