People v Grubert (2018 NY Slip Op 02816)





People v Grubert


2018 NY Slip Op 02816


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-10718

[*1]People of State of New York, respondent,
v
Joel Grubert, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Kenneth C. Holder, J.), dated September 27, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
As noted by the Supreme Court, the assessment of 15 points against the defendant under risk factor 12 because he was suspended from his sex offender program as a result of a fight with another inmate did not affect his presumptive risk level. The deduction of those points would leave the defendant with 115 points, 5 points more than the 110 points which rendered him presumptively a level three sex offender (see People v Fonteboa, 149 AD3d 880; People v Corn, 128 AD3d 436; People v Boykin, 102 AD3d 937). Therefore, the defendant's argument with respect to his assessment of points for this factor is academic.
The defendant requested a downward departure from his presumptive risk level based upon the facts that he planned to live with his brother in Lake George and his successful completion of sex offender counseling and treatment. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). There was no allegation that the defendant's response to sex offender treatment was exceptional (see People v Pendleton, 112 AD3d 600), and the defendant failed to identify any other mitigating factors that are of a kind or to a degree not adequately taken into account by the SORA Guidelines (see People v Gillotti, 23 NY3d at 861). Accordingly, the defendant failed to establish grounds for a downward departure from his presumptive risk level (see People v Benoit, 145 AD3d 687, 688).
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court