People v Fields (2020 NY Slip Op 05062)





People v Fields


2020 NY Slip Op 05062


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-05119

[*1]People of State of New York, respondent,
v Randy Fields, appellant.


Janet E. Sabel, New York, NY (Denise Fabiano of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; West Overstreet on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated April 27, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level three sex offender. On appeal, the defendant challenges the court's assessment of 20 points under risk factor 7 (relationship with the victim) and 10 points under risk factor 12 (acceptance of responsibility). Moreover, the defendant contends that the court erred in denying his request for a downward departure from the presumptive risk level.
We agree with the Supreme Court's assessment of 20 points under risk factor 7 (see SORA: Risk Assessment Guidelines and Commentary at 12 [2006; hereinafter Guidelines]). The grand jury testimony of the complainant revealed that she had never seen the defendant prior to the evening of the instant offense (see People v Lewis, 178 AD3d 864; People v Mitchell, 142 AD3d 542, 543; People v Mabee, 69 AD3d 820).
In addition, the People presented clear and convincing evidence that the defendant did not genuinely accept responsibility for his conduct, thus warranting the assessment of 10 points under risk factor 12 (see Guidelines at 15-16; People v Fonteboa, 149 AD3d 880, 881; People v Benitez, 140 AD3d 1140).
Moreover, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from the presumptive designation as a level three sex offender. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) [*2]establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or were not proven by a preponderance of the evidence.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court