People v Luna (2020 NY Slip Op 05541)





People v Luna


2020 NY Slip Op 05541


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-08653

[*1]People of State of New York, respondent,
v
Bonifacio Luna, appellant.


Loren I. Glassman, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jordan K. Hummel and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered June 4, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In May 2017, the defendant was convicted, upon his plea of guilty, of attempted sexual abuse in the first degree. He was sentenced to a determinate term of imprisonment of two years to be followed by post-release supervision of eight years. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was designated a level two sex offender based on the assessment of a total of 80 points on the Risk Assessment Instrument (hereinafter RAI). On appeal, the defendant challenges the assessment of points under risk factors 2, 6, and 7.
In establishing an offender's appropriate risk level under SORA, "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d 406, 408, quoting Correction Law § 168-n[3]; see People v Suarez, 163 AD3d 884, 884). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see SORA: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Mingo, 12 NY3d 563, 571-572).
Contrary to the defendant's contention, the People established, by clear and convincing evidence, that he engaged in sexual intercourse with the complainant (see People v Parris, 153 AD3d 68, 82-83). One police report revealed that, at the time of the occurrence, two police officers were dispatched to the area and that, upon their arrival, the police officers observed the defendant kneeling with his pants undone over the partially nude female victim. In a separate police report, the reporting officer noted that the defendant had admitted that he was "having sex" with the victim. Accordingly, we agree with the Supreme Court's assessment of points under risk factor 2 for engaging in "sexual intercourse" with the victim.
We also agree with the Supreme Court's assessment of points under risk factor 7, as the People demonstrated by clear and convincing evidence that the defendant and the victim, whom the defendant had met for the first time on the day of the crime, were "strangers" within the meaning of SORA (see People v Palacios, 137 AD3d 761, 762; People v Mabee, 69 AD3d 820, 820; People v Serrano, 61 AD3d 946, 947).
We further agree with the Supreme Court's assessment of points under risk factor 6, since the People established, by clear and convincing evidence, that the victim, who was intoxicated and unconscious at the time that the police arrived, was physically helpless (see People v Bjork, 105 AD3d 1258, 1260; People v Vaughn, 26 AD3d 776, 776-777; People v Morrow, 304 AD2d 1040, 1042).
Contrary to the defendant's contention, he failed to establish that his attorney's failure to request a downward departure rendered counsel ineffective (see People v Allen, 177 AD3d 1224; People v Allport, 145 AD3d 1545, 1546). Since "the SORA hearing as a whole was not rendered unduly prejudicial or unfair" due to counsel's failure to seek a downward departure, the defendant failed to establish the existence of ineffective assistance of counsel (People v Butler, 157 AD3d 727, 732; see People v Bowles, 89 AD3d 171, 181). In any event, while the defendant contends that his counsel should have argued that his response to sex offender treatment warranted a downward departure (see People v Palomeque, 170 AD3d 1055, 1055), the evidence was insufficient to establish by a preponderance of the evidence that the defendant's response to treatment was exceptional (see People v Jimenez, 178 AD3d 1099, 1100-1101; People v Santos, 174 AD3d 658; People v Palomeque, 170 AD3d at 1055; People v Guzman, 110 AD3d 863).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court