People v Verrilli (2020 NY Slip Op 06302)





People v Verrilli


2020 NY Slip Op 06302


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-09309

[*1]People of State of New York, respondent,
v
Pasquale Verrilli, appellant.


Thomas R. Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (William L. DeProspo, J.), dated March 7, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, after a jury trial, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court designated the defendant a level three sex offender based on the assessment of a total of 110 points on the risk assessment instrument. On appeal, the defendant challenges the court's assessment of 20 points under risk factor 7 (relationship with the victim).
Contrary to the defendant's contention, the People established, by clear and convincing evidence, that the defendant and the victim were strangers within the meaning of SORA (see SORA: Risk Assessment Guidelines and Commentary at 12 [2006]). The evidence was undisputed that, although the defendant was a neighbor of and acquainted with the victim's sister, the defendant and the victim first met less than 24 hours before the offense was committed. Accordingly, we agree with the County Court's assessment of 20 points under risk factor 7, based on a finding that the victim was a stranger to the defendant (see People v Luna, __ AD3d __, 2020 NY Slip Op 05541 [2d Dept]; People v Lima-Sanchez, 162 AD3d 698; People v Mabee, 69 AD3d 820).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court