People v Berdejo (2021 NY Slip Op 08262)





People v Berdejo


2021 NY Slip Op 08262


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-04097

[*1]People of State of New York, respondent,
v
Martimiano Berdejo, appellant.


Janet E. Sabel, New York, NY (Rachel L. Pecker of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Marina Cora Mundy, J.), dated April 8, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), at which the defendant argued against an assessment of points under risk factor 12 (acceptance of responsibility) and sought a downward departure from his presumptive level three risk designation, the Supreme Court designated the defendant a level three sex offender.
Contrary to the defendant's contention, the People presented clear and convincing evidence that he did not genuinely accept responsibility for his conduct (see People v Fields, 186 AD3d 1541; People v Fonteboa, 149 AD3d 880, 881). In particular, although the defendant initially admitted his guilt to the police and pleaded guilty, the People presented evidence that the defendant thereafter denied or minimized his culpability, including to the Department of Probation and during sex offender treatment. Under these circumstances, the Supreme Court properly assessed the defendant 10 points under risk factor 12 for his failure to take responsibility for his conduct (see People v Fields, 186 AD3d at 1541; People v Fonteboa, 149 AD3d at 881).
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the [SORA] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006; hereinafter the Guidelines]). Here, the defendant failed to meet that initial burden, as the factors he relied upon were either adequately taken into account by the Guidelines (see People v Morrison, 156 AD3d 831, 832), or did not establish a lower likelihood of reoffense or danger to the community (see People v Santiago, 154 AD3d 979; People v Garcia, 144 AD3d 650, 651).
Accordingly, the defendant was properly designated a level three sex offender.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court