People v Patel (2021 NY Slip Op 01794)





People v Patel


2021 NY Slip Op 01794


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-01135

[*1]People of State of New York, respondent,
v
Vinod Patel, appellant. Richard M. Langone, Garden City, NY, for appellant.


Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated January 2, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree, criminal sexual act in the first degree (two counts), and incest in the third degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed a total of 85 points under the risk assessment instrument (hereinafter RAI) and granted the People's application for an upward departure from the presumptive risk level two to risk level three. The defendant appeals.
"[P]oints in the RAI 'should not be assessed for a factor . . . unless there is clear and convincing evidence of the existence of that factor'" (People v Pettigrew, 14 NY3d 406, 408, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]). "The People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Pettigrew, 14 NY3d at 408, quoting Correction Law § 168-n[3]).
Here, as the defendant correctly contends, the People failed to meet their burden of proving, by clear and convincing evidence, that his living situation was inappropriate, so as to warrant the assessment of 10 points under risk factor 15 (see People v Rodriguez, 130 AD3d 897, 898). The evidence presented at the hearing showed that, at most, the defendant's living situation was uncertain (see People v Ruddy, 31 AD3d 517, 518). However, after deducting these 10 points, the defendant has a score of 75 points on the RAI, which still renders him a presumptive level two sex offender before any departures (see generally People v Morris, 140 AD3d 843, 844).
Contrary to the defendant's contention, the Supreme Court properly granted the People's application for an upward departure. The People presented clear and convincing evidence of aggravating circumstances of a kind or to a degree not adequately taken into account by the Guidelines, namely, the egregious and abhorrent nature of the crime, the fact that the defendant was [*2]previously diagnosed as a pedophile (see People v Auger, 162 AD3d 1082, 1083), the defendant's commission of uncharged sex crimes (see People v DeWoody, 127 AD3d 831, 832), and the defendant's commission of concurrent offenses in Queens County (see People v Scales, 134 AD3d 790, 792).
The defendant failed to establish that his attorney's failure to request a downward departure rendered counsel ineffective (see People v Luna, 187 AD3d 805, 807; People v Allen, 177 AD3d 1224, 1225). "Since 'the SORA hearing as a whole was not rendered unduly prejudicial or unfair' due to counsel's failure to seek a downward departure," the defendant failed to establish that he was deprived of the effective assistance of counsel (People v Luna, 187 AD3d at 807, quoting People v Butler, 157 AD3d 727, 732). Additionally, the defendant failed to demonstrate that counsel's failure to have him reexamined to determine his current mental state and whether he still suffered from pedophilia was not a legitimate strategy (see generally People v Caldavado, 166 AD3d 792, 794).
The defendant's remaining contentions are unpreserved for appellate review, and we decline to review them in the interest of justice.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court