People v Gonzalez (2021 NY Slip Op 03340)





People v Gonzalez


2021 NY Slip Op 03340


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-06751

[*1]The People of the State of New York, respondent,
v
Jose Gonzalez, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Rebecca L. Abensur and Andrea M. DiGregorio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated June 2, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing to determine the defendant's risk level designation pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant argued against an assessment of points under risk factor 12 (acceptance of responsibility) and sought a downward departure from his presumptive risk level two designation, the Supreme Court designated the defendant a level two sex offender.
Contrary to the defendant's contention, the People presented clear and convincing evidence that he did not genuinely accept responsibility for his conduct (see People v Berdejo, 192 AD3d 923; People v Fields, 186 AD3d 1541; People v Fonteboa, 149 AD3d 880). Although the defendant pleaded guilty, the People presented evidence of statements he made during his interview with the Department of Probation, and recounted in the presentence investigation report (see People v Mingo, 12 NY3d 563, 572-573), indicating that he denied his culpability by asserting that he was told to plead guilty to avoid a longer sentence. During the same interview, he minimized his culpability by claiming that the offense may have happened but he lacked a recollection of the events due to being under the influence of alcohol and cocaine. Under these circumstances, the Supreme Court properly assessed 10 points under risk factor 12 for the defendant's failure to take responsibility for his conduct (see People v Berdejo, 192 AD3d at 924).
The defendant's contention that the Supreme Court erred in assessing 15 points under risk factor 14 (release without supervision) is unpreserved for appellate review, as he never objected to the assessment of points under that risk factor during the SORA hearing (see People v Avalo, 186 AD3d 754). In any event, this contention is without merit (see People v Vasquez, 189 AD3d 1480, 1481).
Finally, the Supreme Court providently exercised its discretion in denying the defendant's request for a downward departure from his presumptive risk level two designation. "A [*2]defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA: Risk Assessment Guidelines and Commentary at 4 (2006) (hereinafter Guidelines)]; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Boutin, 172 AD3d 1253, 1254, quoting People v Wyatt, 89 AD3d 112, 128; see People v Zamora, 186 AD3d 885). The defendant must prove the existence of that factor by a preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Ramos, 186 AD3d 511, 511; see People v Gillotti, 23 NY3d at 861). "Utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule'" (People v Dexter, 21 AD3d 403, 404, quoting Guidelines at 4; People v Carter, 138 AD3d 706, 706-707). Here, the defendant contends that the likelihood of his deportation to El Salvador subsequent to his SORA adjudication warranted a downward departure from the presumptive risk level. The defendant's contention is without merit, as he failed to establish that his deportation was, "'as a matter of law, an appropriate mitigating factor'" (People v Morrison, 156 AD3d 831, 832, quoting People v Wyatt, 89 AD3d at 128; see People v Reyes, 189 AD3d 1286, 1287; People v Rubi, 132 AD3d 650; People v Ciudadreal, 125 AD3d 950).
The defendant's remaining contentions are without merit.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court