People v May (2022 NY Slip Op 03016)





People v May


2022 NY Slip Op 03016


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2019-13199

[*1]People of State of New York, respondent,
v
Antoine May, appellant. Del Atwell, East Hampton, NY, for appellant.


Miriam E. Rocah, District Attorney, White Plains, NY (Shea Scanlon Lomma and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated September 12, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), in an order dated September 12, 2019, the Supreme Court assessed a total of 120 points under the risk assessment instrument and designated him a level three sex offender. The defendant appeals.
The defendant failed to establish that his attorney's failure to request a downward departure rendered counsel ineffective (see People v Patel, 192 AD3d 1052, 1053; People v Luna, 187 AD3d 805, 807). "'[T]he SORA hearing as a whole was not rendered unduly prejudicial or unfair' due to counsel's failure to seek a downward departure" (People v Patel, 192 AD3d at 1053, quoting People v Luna, 187 AD3d at 807 [internal quotation marks omitted]). Moreover, the defendant could not have established by a preponderance of the evidence that a downward departure was warranted (see People v Strong, 196 AD3d 707, 709; People v Luna, 187 AD3d at 807), and therefore, even had counsel sought a downward departure, there was no "reasonable probability" of a different SORA result (Strickland v Washington, 466 US 668, 694; see People v Butler, 157 AD3d 727, 732). Thus, the defendant failed to establish that he was deprived of the effective assistance of counsel.
The defendant's contention that his designation as a level three sex offender violated due process is unpreserved for appellate review (see CPL 470.05[2]; see generally People v Arnold, 35 AD3d 827, 827; People v Cureton, 299 AD2d 532, 532) and, in any event, without merit (see People v Webb, 162 AD3d 918, 919).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
CONNOLLY, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court