People v Ramirez (2022 NY Slip Op 05875)

People v Ramirez

2022 NY Slip Op 05875

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2021-04664

[*1]People of State of New York, respondent, 
v
William Ramirez, appellant. Laurette D. Mulry, Riverhead, NY (Anju M. Alexander of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Meaghan Powers of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated June 15, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35) and related offenses. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 80 points on the risk assessment instrument and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the People presented clear and convincing evidence that the defendant did not genuinely accept responsibility for his conduct, thus warranting the assessment of 10 points under risk factor 12 (see Correction Law § 168-n[3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]). Although the defendant formally admitted his guilt by entering a plea of guilty, the People presented evidence that the defendant thereafter denied or minimized his culpability. Thus, the Supreme Court properly concluded that the defendant had not genuinely accepted responsibility (see People v Berdejo, 192 AD3d 923, 924; People v Fields, 186 AD3d 1541, 1541; People v Fonteboa, 149 AD3d 880, 881; People v Benitez, 140 AD3d 1140, 1140-1141).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court