People v Hraklis (2023 NY Slip Op 01107)

People v Hraklis

2023 NY Slip Op 01107

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-07360

[*1]The People of the State of New York, respondent,
v
Morris Hraklis, appellant. Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated August 13, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points on the risk assessment instrument, applied an automatic override based upon the defendant's prior conviction of a felony sex offense (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]), and designated him a level three sex offender. On appeal, the defendant challenges the assessment of points under risk factors 12 and 14, and the denial of his application for a downward departure.
Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 12, as the People established, by clear and convincing evidence, that the defendant failed to accept responsibility for his actions (see People v Gonzalez, 194 AD3d 1083; People v Berdejo, 192 AD3d 923, 924) and 15 points under risk factor 14 because the defendant was released without any parole, probation, or supervision (see People v Bangura, 185 AD3d 972; People v Ramos, 179 AD3d 850). In any event, since the defendant was a presumptive level three sex offender pursuant to an automatic override, the points assessed on the risk assessment instrument are irrelevant (see People v Wolm, 209 AD3d 682, 683; People v Barr, 205 AD3d 741, 742).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
While a sex offender's response to treatment, if exceptional, can be the basis for a downward departure pursuant to the Guidelines, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Mitchell, 196 AD3d 516, 518; People v Varvaro, 171 AD3d 958, 960).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court