People v Holmes (2023 NY Slip Op 06391)

People v Holmes

2023 NY Slip Op 06391

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2023-02255

[*1]The People of the State of New York, respondent, 
v
Kenneth Holmes, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Mia Guthart of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Autumn S. Hughes and Monica M. C. Leiter of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated February 1, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of sexual abuse in the second degree and two counts of endangering the welfare of a child in connection with sexual acts that he committed against two different child victims over the course of more than a year. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level three sex offender. On appeal, the defendant challenges the assessment of points under several risk factors and the denial of his request for a downward departure from the presumptive risk level.
Contrary to the defendant's contention, he was properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. The assessment of these points was supported by clear and convincing evidence in the record, including a victim's grand jury testimony that the defendant engaged in two or more acts of sexual contact against her, at least one of which was an act of sexual intercourse, separated by at least 24 hours (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; People v Green, 216 AD3d 1115, 1117).
The Supreme Court also properly assessed 30 points under risk factor 5, as the People presented clear and convincing evidence that the victims were 10 years old or younger at the time of the subject crimes (see People v Morrell, 139 AD3d 835, 835). Contrary to the defendant's contention, the People were not required to submit birth certificates to prove the ages of the child victims (see People v Fonteboa, 149 AD3d 880, 880-881).
Further, the Supreme Court's assessment of 15 points under risk factor 11 based on the defendant's history of substance abuse was supported by clear and convincing evidence, including evidence that the defendant admitted to a long history of substance abuse and that he had been referred to numerous substance abuse treatment programs (see People v Gorostiza, 210 AD3d [*2]1118, 1120; People v Lowery, 140 AD3d 1141, 1142).
Contrary to the defendant's contention, a downward departure was not warranted here, as none of the factors put forward by the defendant, either singly or in combination with each other, showed that the presumptive risk level overassessed the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d 841, 861; People v Lowery, 140 AD3d at 1142).
BARROS, J.P., CONNOLLY, MILLER and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court