People v Cotugno (2024 NY Slip Op 00788)

People v Cotugno

2024 NY Slip Op 00788

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-09559

[*1]The People of the State of New York, respondent, 
v
Paul Cotugno, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Dori Cohen of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Autumn Hughes and Matthew C. Frankel of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. Schwartz, J.), dated October 26, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant argued against an assessment of points under risk factor 12 (acceptance of responsibility) and sought a downward departure from his presumptive level two designation. The Supreme Court denied the defendant's application for a downward departure and designated him a level two sex offender.
Contrary to the defendant's contention, the People presented clear and convincing evidence that he did not genuinely accept responsibility for his conduct (see People v Gonzalez, 194 AD3d 1083, 1083; People v Berdejo, 192 AD3d 923, 924; People v Fields, 186 AD3d 1541, 1541). In particular, although the defendant initially admitted his guilt to the police and pleaded guilty, the People presented evidence that the defendant thereafter minimized his culpability, including to the Department of Probation and when interviewed for an "Adult Psychosexual Risk Evaluation." Under these circumstances, the Supreme Court properly assessed the defendant 10 points under risk factor 12 for his failure to take responsibility for his conduct (see People v Gonzalez, 194 AD3d at 1083; People v Berdejo, 192 AD3d at 924).
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Here, the defendant failed to meet that initial burden, as the factors he relied on were adequately taken into account by the Guidelines or did not establish a lower likelihood of reoffense or danger to the community (see People v Evanson, 213 AD3d 703, 704; People v McGee, 197 [*2]AD3d 513, 514-515; People v Berdejo, 192 AD3d at 924).
Accordingly, the defendant was properly designated a level two sex offender.
BRATHWAITE NELSON, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court