People v Hernandez (2024 NY Slip Op 01206)

People v Hernandez

2024 NY Slip Op 01206

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-08026

[*1]The People of the State of New York, respondent,
v
Miguel Hernandez, appellant. Thomas R. Villecco, Jericho, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Monica M. C. Leiter and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Christopher Hoefenkrieg, J.), dated September 19, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree (Penal Law § 130.50[4]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 95 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the assessment of points under risk factors 4 and 12 and the denial of his application for a downward departure.
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 4 for engaging in a continuing course of sexual misconduct. The People established by clear and convincing evidence, including the victim's grand jury testimony, that the defendant engaged in two or more acts of sexual contact against her, at least one of which was an act of sexual intercourse, separated by at least 24 hours (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006] [hereinafter Guidelines]; People v Holmes, 222 AD3d 791; People v Green, 216 AD3d 1115, 1117).
The Supreme Court also properly assessed 10 points under risk factor 12, as the People established, by clear and convincing evidence, that the defendant failed to accept responsibility for his actions (see People v Gonzalez, 194 AD3d 1083, 1083; People v Berdejo, 192 AD3d 923, 924).
Contrary to the defendant's further contention, the Supreme Court did not err in denying his request for a downward departure from the presumptive risk level (see People v Johnson, 11 NY3d 416, 422; People v Abdullah, 210 AD3d 704; People v Wolm, 209 AD3d 682, 684; People v Sofo, 168 AD3d 891, 892; see also People v Champagne, 140 AD3d 719, 720). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, [*2]that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Felton, 175 AD3d 734, 735; People v Alvarado, 173 AD3d 909, 910; People v Champagne, 140 AD3d at 720).
While a sex offender's response to treatment, if exceptional, can be the basis for a downward departure pursuant to the Guidelines, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Mitchell, 196 AD3d 516, 518; People v Varvaro, 171 AD3d 958, 960).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court