People v Modesto (2024 NY Slip Op 06575)

People v Modesto

2024 NY Slip Op 06575

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2020-01159

[*1]The People of the State of New York, respondent,
v
Juan Modesto, appellant. 

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Abbye Lawrence of counsel), for respondent.
Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated January 3, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 125 points on the risk assessment instrument (hereinafter RAI), indicating that he was a presumptive level three sex offender. In addition, it was determined that because the defendant had a prior felony conviction for a sex crime, he was a presumptive level three sex offender pursuant to an automatic override, regardless of the points assessed (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4, 13-14, 19 [2006] [hereinafter Guidelines]). The defendant appeals from his designation as a level three sex offender, contending that the Supreme Court should have granted his application for a downward departure from his presumptive risk level three designation.
The defendant failed to establish the existence of any mitigating factors not adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d 841, 861). First, the defendant contends that his prior felony conviction for a sex crime, which was the basis of the automatic override, "was already accounted for by 30 points under risk factor 9" of the RAI. However, where, as here, a defendant is a presumptive level three sex offender because of an automatic override, the points assessed on the RAI are irrelevant (see People v Brandt, 222 AD3d 890, 891; People v Hraklis, 214 AD3d 681). Thus, it is irrelevant that the defendant was assessed 30 points on the RAI based on the same crime that was the basis for the automatic override (see People v Barr, 205 AD3d 741, 742).
Second, the defendant contends that the remoteness in time of the prior offense was a mitigating factor. "[L]engthy periods of time during which the defendant has been at liberty after the offense without reoffending are not taken into account by the Guidelines or the RAI" (People v Espinoza, 222 AD3d 668, 670). Here, however, after the defendant was released from prison after the prior offense, he reoffended by committing the instant offense, and he remained incarcerated for the instant offense until the time of the SORA hearing.
Third, the defendant failed to demonstrate that his age at the time of the SORA hearing, 61 years old, constituted an appropriate mitigating factor, particularly since he committed the instant offense when he was 55 years old and he failed to submit any medical evidence showing that his deteriorating health constituted a physical condition that rendered him less likely to commit sex crimes in the future (see People v Savino, 222 AD3d 792, 793; People v Trovato, 222 AD3d 673, 675). Further, a defendant's low score on the Static-99R risk assessment instrument does not, standing alone, qualify as an appropriate mitigating factor (see People v Lundy, 223 AD3d 920, 921; People v Espinoza, 222 AD3d at 670).
Next, while a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is exceptional, here, the defendant failed to demonstrate that his response to sex offender treatment was exceptional (see People v Green, 229 AD3d 814, 816; People v Coleman, 225 AD3d 792, 795).
Finally, the defendant failed to establish that his expected deportation was an appropriate mitigating factor (see People v Gonzalez, 194 AD3d 1083, 1084; People v Reyes, 189 AD3d 1286, 1287).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure, and properly designated the defendant a level three sex offender.
LASALLE, P.J., FORD, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court