People v Luy (2025 NY Slip Op 02944)

People v Luy

2025 NY Slip Op 02944

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-01928

[*1]People of State of New York, respondent,
v
Luis Luy, appellant.

Richard M. Langone, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Jared A. Chester of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), dated August 1, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the second degree, endangering the welfare of a child, and sexual abuse in the third degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 75 points on the risk assessment instrument, presumptively placing him within the range for a level two designation, and designated him a level two sex offender.
In establishing a defendant's risk level pursuant to SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see People v Bullock, 217 AD3d 886, 887). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]).
Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 14 (release without supervision). The assessment of these points was supported by clear and convincing evidence that the defendant had previously been deported and returned illegally, had an outstanding warrant of removal pending, and had an immigration detainer placed on him by Immigration and Customs Enforcement (see People v Mingo, 12 NY3d 563, 573-574; People v Tzintzun-Frias, 210 AD3d 917; People v Mendez, 207 AD3d 480, 481-482).
The defendant correctly contends that the People failed to meet their burden of proving, by clear and convincing evidence, that his living situation was inappropriate and, therefore, the assessment of 10 points under risk factor 15 was not warranted (see People v Patel, 192 AD3d 1052, 1053; People v Rodriguez, 130 AD3d 897, 898). The evidence presented at the hearing [*2]showed that, at most, the defendant's living situation was uncertain (see People v Patel, 192 AD3d at 1053; People v Ruddy, 31 AD3d 517, 518).
Notwithstanding this error, the People established, by clear and convincing evidence, that the defendant should have been assessed 10 points under risk factor 12 based upon the defendant's failure to accept responsibility for his conduct (see People v Gonzalez, 194 AD3d 1083, 1083; People v Berdejo, 192 AD3d 923, 924). Where the record is sufficient, this Court may assess more points than assessed by the SORA court, so long as the People proved sufficient facts to support those points (see People v Lyons, 199 AD3d 722; People v Dash, 111 AD3d 907, 908). Here, although the defendant pleaded guilty, the People presented evidence of statements the defendant made to the arresting officer and during his interview with the Department of Probation, as recounted in the presentence investigation report, denying any and all involvement and asserting that the victim made up the allegations (see People v Gonzalez, 194 AD3d at 1083; People v Berdejo, 192 AD3d at 924). As further recounted in the presentence investigation report, the defendant wanted to take the case to trial but his attorney told him that he would lose. "An offender who pleads guilty but tells his pre-sentence investigator that he did so only to escape a State prison sentence has not accepted responsibility" (Guidelines at 15-16).
Accordingly, since the points assessed still total 75, we affirm the order designating the defendant a level two sex offender.
MILLER, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court