People v Bangura (2020 NY Slip Op 04193)





People v Bangura


2020 NY Slip Op 04193


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-10316

[*1]People of State of New York, respondent,
v
Abass Bangura, appellant. Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated August 14, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual misconduct (Penal Law § 130.20[1]). Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was designated a level three sex offender.
We agree with the County Court's designation of the defendant as a level three sex offender. Contrary to the defendant's contention, the court properly assessed points under risk factors 5, 11, and 14 based on clear and convincing evidence in the record.
In establishing a sex offender's appropriate risk level assessment under SORA, the People bear "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see People v Wyatt, 89 AD3d 112, 117-118; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines] at 5). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Mingo, 12 NY3d 563, 573).
Here, the People demonstrated by clear and convincing evidence, including the defendant's statements in the presentence investigation report, the case summary prepared by the Board, and the victim's sworn statement, that points were properly assesses under risk factor 5 based on the victim's age at the time of the incident (see People v Stapleton, 125 AD3d 951, 952; see also People v Hernandez, 163 AD3d 1010, 1011-1012). The County Court also properly assessed points under risk factor 11 for drug or alcohol abuse based on clear and convincing evidence of the defendant's history (see Guidelines at 15; People v Phillips, 160 AD3d 672, 672; People v Dipilato, 155 AD3d 792, 793). Moreover, the court properly assessed points under risk factor 14 for lack of supervision, as the People demonstrated, by clear and convincing evidence, that the defendant's release from State custody was not conditioned upon any course of supervision (see Guidelines at [*2]17; People v Oliver, 137 AD3d 1236, 1237; People v Callendar, 127 AD3d 1153, 1154; see also People v Lewis, 37 AD3d 689, 690).
We also agree with the County Court's determination denying the defendant's application for a downward departure from his presumptive risk level designation as a level three sex offender. Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
The defendant's contention that his risk level was, in effect, overassessed because the sentence imposed did not include a course of supervision upon release was adequately taken into account under the Guidelines (see Guidelines at 17), and the defendant failed to demonstrate that it constituted a mitigating factor of a kind or to a degree not adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861).
The defendant's remaining contentions as bases for a downward departure are unpreserved for appellate review because he did not assert them as mitigating factors at the SORA hearing. In any event, they are without merit.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court