People v Villavicencio (2022 NY Slip Op 03536)





People v Villavicencio


2022 NY Slip Op 03536


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.


2019-07931

[*1]The People of the State of New York, respondent,
v
Alvarado Villavicencio, appellant. 


Laurette D. Mulry, Riverhead, NY (Anju M. Alexander of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated June 20, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65[3]). In or about May 2019, the People served a notice pursuant to Correction Law § 168-d that they would be seeking a risk level two designation for the defendant in connection with his Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA) hearing. The People submitted a risk assessment instrument (hereinafter RAI) in which they assessed the defendant with a total risk factor score of 80, resulting in a presumptive risk level two designation. After a SORA hearing, the County Court assessed 80 points and, in an order dated June 20, 2019, designated the defendant a level two sex offender. On appeal, the defendant contends, inter alia, that the People failed to establish, by clear and convincing evidence, facts to support the assessment of 10 points under risk factor 12 (not accepting responsibility) and 15 points under risk factor 14 (release without supervision).
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Vasquez, 189 AD3d 1480, 1481). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders [(hereinafter the Board)], or any other reliable source, including reliable hearsay'" (People v Luna, 187 AD3d 805, 806, quoting People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). As the risk level set forth in the RAI is merely presumptive, the assignment of a risk level is within the sound discretion of the SORA court (see People v Pettigrew, 14 NY3d 406, 409).
Contrary to the defendant's contention, the assessment of 10 points under risk factor 12 and 15 points under risk factor 14 was supported by clear and convincing evidence in the record, [*2]including the Board's case summary, the defendant's sex offender treatment program records, United States Department of Justice Immigration and Naturalization Service records, and the Probation Department's presentence report (see People v Mingo, 12 NY3d 563, 573-574; People v Vasquez, 189 AD3d at 1481).
The defendant's remaining contentions are unpreserved for appellate review.
Accordingly, the defendant was properly designated a level two sex offender.
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court