People v Mendez (2022 NY Slip Op 04311)

People v Mendez

2022 NY Slip Op 04311

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-03295

[*1]The People of State of the New York, respondent, 
v
Rogelio Mendez, appellant. Laurette D. Mulry, Riverhead, NY (Lisa A. Marcoccia of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated March 1, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On December 21, 2016, the defendant was convicted, upon his plea of guilty, of rape in the third degree. He was sentenced to a determinate term of imprisonment of 2½ years, to be followed by a period of postrelease supervision of 5 years. The defendant was scheduled for conditional release on November 2, 2018. Prior to a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument (hereinafter RAI) in which it assessed the defendant a total risk factor score of 95, resulting in a presumptive risk level two designation. Thereafter, the People prepared a new and separate RAI, which in addition to assessing the same points as did the Board in its RAI, assessed the defendant 15 points under risk factor 14 (release without supervision), resulting in a total risk factor score of 110 and a presumptive risk level three designation. The basis for the People's assessment of 15 points under risk factor 14 was information that the defendant would be deported after his release from prison.
After the SORA hearing, the County Court assessed the defendant 110 points, and designated the defendant a level three sex offender. The defendant appeals.
In establishing an offender's presumptive risk level, "[t]he People 'bear the burden of proving the facts supporting the determinations' by clear and convincing evidence" (People v Vasquez, 189 AD3d 1480, 1481 [internal quotation marks omitted], quoting Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Luna, 187 AD3d 805, 806, quoting People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Mascorro, 177 AD3d 907, 908).
The defendant's contention that the County Court erred in assessing 15 points under risk factor 14 is unpreserved for appellate review as he never objected to the assessment of points under that risk factor during the SORA hearing (see People v Canady, 195 AD3d 752, 752; People v Gonzalez, 194 AD3d 1083, 1083-1084; People v Vasquez, 189 AD3d at 1481; People v Avalo, 186 AD3d 754). In any event, this contention is without merit as the court properly assessed the defendant the additional 15 points under risk factor 14. The assessment of these points was supported by clear and convincing evidence in the record, including the Board's case summary and the Probation Department's presentence report (see People v Mingo, 12 NY3d 563, 573-574; People v Vasquez, 189 AD3d at 1481; People v Bangura, 185 AD3d 972, 973).
Further, contrary to the defendant's contention, the prospect of the defendant's involuntary deportation or removal from the United States did not render the County Court's assessment of additional points under risk factor 14 academic (see People v Del Rosario, 36 NY3d 964, 965; People v Rodriguez, 196 AD3d 43, 47; People v Shim, 139 AD3d 68).
DUFFY, J.P., ROMAN, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court