People v Santos (2025 NY Slip Op 00891)

People v Santos

2025 NY Slip Op 00891

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-08036

[*1]The People of the State of New York, respondent,
v
Jose Fuentes Santos, appellant. Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Michelle Kaszuba and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated August 10, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 75 points on the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]), denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the assessment of points under risk factor 14 and the denial of his application for a downward departure.
Contrary to the defendant's contention, the County Court properly assessed 15 points under risk factor 14 for release without supervision, as the People demonstrated, by clear and convincing evidence, that the defendant was released without any course of supervision (see People v Bangura, 185 AD3d 972, 973; People v Ramos, 179 AD3d 850).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Guidelines at 4; People v Anthony, 40 NY3d 976, 978; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Anthony, 40 NY3d at 978; People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant's contention that he was entitled to a downward departure based upon his participation in sex offender treatment is unpreserved for appellate review, as he failed to raise [*2]that factor at the SORA hearing (see People v Hernandez, 225 AD3d 903, 904; People v Howard, 190 AD3d 773, 775). In any event, the contention is without merit.
The additional alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Permenter, 208 AD3d 905, 907; People v Young, 186 AD3d 1546, 1548) or did not warrant a downward departure (see People v Burrowes, 177 AD3d 1005, 1007; People v Saintilus, 169 AD3d 838, 839). Further, even if the total number of points assessed to the defendant is considered near the low end of the range for a presumptive level two designation, that fact, by itself, does not constitute a ground for a downward departure from the presumptive risk level (see People v Selin-Martinez, 229 AD3d 646, 648; People v Canales, 217 AD3d 785, 786; People v Scott, 204 AD3d 948, 949).
Accordingly, the County Court properly designated the defendant a level two sex offender.
IANNACCI, J.P., BRATHWAITE NELSON, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court